UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH A. HIBBEN AND
DEBORAH A. HIBBEN,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:08-mc-052

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT: (1) RESPONDENT'S MOTION TO DISMISS THE PETITION TO QUASH THE SUMMONS (DOC. 2) BE GRANTED; AND (2) THIS CASE BE CLOSED**

Taxpayers Kenneth A. Hibben and Deborah A. Hibben filed a petition to quash an administrative summons issued by the Internal Revenue Service ("IRS"). (Doc. 1). In response, the United States filed a motion to dismiss the petition. (Doc. 2).

### I.    FACTUAL BACKGROUND

On October 9, 2008, IRS Agent Mike Mudroncik issued an administrative summons (concerning Petitioners' taxable years 2000-2007) to Unifund CCR Partners ("Unifund") for information regarding their dealings with the Petitioners. The summons had a return date of November 4, 2008. (*See* Doc. 1, Ex. 2).

The summons clearly indicates that the IRS is conducting an investigation to determine Petitioners' federal income tax liabilities. Specifically, Unifund is summoned

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

to appear and produce the following information:

> 1) All statements of the above-named taxpayers in your possession, custody, or control which reflects transactions between the taxpayers and Unifund CCR for the calendar year beginning January 1, 2000 through the calendar year ending December 31, 2007.
>
> 2) All applications for credit completed and submitted by or for the above-named taxpayers [Kenneth A. Hibben and Deborah A. Hibben] to any Unifund CCR company or any of its predecessors for the calendar year beginning January 1, 2000 through the calendar year ending December 31, 2007.
>
> 3) Please provide a copy of all the documentation in your possession, custody or control reflecting the receipt of payments, including, but not limited to, copies of cancelled checks, made by the taxpayers to Unifund CCR Partners in regards to the judgment filed by Unifund CCR Partners on October 20, 2000 against the debtor Kenneth Hibben for $20, 742.
>
> 4) Please provide a copy of all the documentation in your possession, custody or control reflecting the assets, liabilities, income and expenses of the taxpayers for the calendar years beginning January 1, 2000 through the calendar year ending December 31, 2007.

(Doc. 1, Ex. 2).

## II.   STANDARD OF REVIEW

Petitioners have exercised their rights under 26 U.S.C. § 7609(b) to move to quash the summons served on third-party Unifund. While Respondent may seek to enforce the summons in the same proceeding, *see* 26 U.S.C. § 7609(b)(2)(A), it also may instead move to dismiss the petition for failure to state a claim. *Hogan v. United States*, 873 F. Supp. 80, 82 (S.D. Ohio 1994); *Cosme v. Internal Revenue Serv.*, 708 F. Supp. 45, 48

(E.D.N.Y. 1989); *Jungles v. United States*, 634 F. Supp. 585, 586 (N.D. Ill. 1986).

Respondent opts to move to dismiss the petition for failure to state a claim, and it is not proceeding to enforce the summons as to the third party summoned because there is no indication that the third party, Unifund, is unwilling to comply voluntarily. Rather, it is the Petitioners alone who are seeking to quash the summons.

The court in *Cosme* is instructive in this matter. The court explained that a motion to dismiss is an appropriate procedural mechanism when the petition fails to state a claim upon which relief may be granted:

> When faced with a petition to quash an IRS third-party summons, the government need not move to enforce the summons. Instead the government can rely on the voluntary compliance of third parties to effectuate the summons. Thus, when a taxpayer petitions to quash a summons, the government can move to dismiss the petition. Such a motion mirrors a 12(b)(6) motion to dismiss for failure to state a claim. In a motion to dismiss the petition, the government does not have to establish a *Powell prima facie* case. Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons.

708 at 48; *see also Knauss v. United States*, 28 F.Supp. 2d 1252, 1254 (S.D. Fla. 1998) (government can move to dismiss, testing the sufficiency of the petition rather than the merits of the suit, when taxpayer petitions to quash); *Nissei Sangyo Am., Ltd. v. United States*, No. 93-C-6774, 1995 WL 263473, at *1 (N.D. Ill. 1995); *Ramachandran v. United States Atty.*, No. 92-Civ-2721, 1992 WL 320672, at *3 (S.D.N.Y. 1992).

In order to establish a valid defense to a summons, the taxpayer is required to show that the government's issuance of the summons was an abuse of the process. *See 2121*

*Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997). The taxpayer can do so "either by disproving the existence of one of the Powell factors or pointing to specific facts suggesting that the IRS issued the summons in bad faith." *Id*.

### III. ANALYSIS

*A. Petitioners Are Subject To IRS Summons Authority*

Petitioners argue that they do not fall under the category of persons subject to IRS summons authority. This argument fails in light of the summons authority of the IRS as set forth in 26 U.S.C. § 7602.

As provided by statute, the IRS is authorized to make inquiries concerning any person who may owe internal revenue tax. 26 U.S.C. § 7601. "For the purpose of . . . determining the liability of any person for any internal revenue tax . . . the Secretary authorized . . . [t]o summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for the tax." 26 U.S.C. § 7602(a). *See also Borchert v. United States*, 232 Fed.Appx. 601 (7th Cir. 2007) and *United States v. Ins. Consultants of Knox, Inc*., 187 F.3d 755, 759 (7th Cir. 1999).

The applicability of the summons authority is highlighted in this case by the fact that the Petitioners have filed federal income tax returns indicating $0.00 income for each of the years at issue, despite the IRS's receipt of third party reporting data that Petitioners did, in fact, receive income for each of the years at issue. (Doc. 2 at 3-4).

B.   *The Summons Is Not Overbroad*

The Petitioners also allege that the IRS summons authority is overbroad and violates Petitioners' Fourth Amendment rights. The IRS's statutory duty and powers of investigation are stated in broad terms in 26 U.S.C. § 7601, and the Supreme Court held long ago that the IRS's power to issue a third-party summons does not violate the Fourth Amendment rights of the person being investigated. *See Donaldson v. United States*, 400 U.S. 517, 522 (1971); s*ee also United States v. Miller*, 425 U.S. 435, 444-45 (1976); *Fisher v. United States*, 425 U.S. 391, 396-397 (1976); *Hogan v. United States*, 873 F.Supp. 80, 81 (S.D. Ohio 1994).

In examining the purpose of § 7601, the Supreme Court, in *United States v. Bsiceglia*, 420 U.S. 141 (1975), acknowledged that, given our tax system's reliance on self-reporting, some persons will try to outwit the system:

> Thus, § 7601 gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who may be liable' for taxes and § 7602 provides the power to 'examine any books, papers, records or other data which may be relevant . . . and to summon . . . any person having possession . . . of books of account . . . relevant or material to such inquiry.' Of necessity, the investigative authority so provided is not limited to such situations in which there is probable cause, in the traditional sense, to believe that a violation of the tax law exists. *United States v. Powell*, 379 U.S. 48, 57 (1964). The purpose of the statutes is not to accuse, but to inquire. Although such investigations unquestionably involve some invasion of privacy, they are essential to our self-reporting system, and the alternatives could well involve far less agreeable invasions of house, business, and records.

*Bisceglia*, 420 U.S. at 145.

Further, the Supreme Court has explained that the power of the IRS to investigate does not depend on a case or controversy. Rather, the IRS can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.* 338 U.S. 632, 643 (1950)). The IRS is authorized to summon and "examine any books, papers, records, or other data which may be relevant or material" to a particular tax inquiry. *See* 26 U.S.C. § 7602; *United States v. Arthur Young & Co.*, 465, U.S.805, 813 (1984); *Uhriq v. United States*, 592 F. Supp. 349, 353 (D. Md. 1984). In this case, the summons indicates that the material being sought is potentially relevant to a determination of Petitioners' tax liabilities for the taxable years 2000-2007, and it is therefore appropriate. (Doc. 1, Ex. 2).

Petitioners also claim that U.S.C. Title 26 "is not the law. It is a mere representation of certain of the Statutes at Large." (Doc. 1 at 2). Petitioners' argument is misplaced. The Internal Revenue Code has been enacted as a separate code and is therefore positive law. *Tax Analysts v. IRS*, 214 F.3d 179, 183 n. 1 (D.C. Cir. 2000).

The Petitioners' express and implied arguments challenging the applicability of the income tax system and the authority of the IRS to enforce the provisions of the United States Code lack any merit.

## IV. CONCLUSION

For the foregoing reasons, the petition to quash the summons (Doc. 1) fails to state a claim upon which relief may be granted. Accordingly, **IT IS THEREFORE RECOMMENDED THAT** the petition to quash (Doc. 1) be **DISMISSED,** and this case be **CLOSED.**


DATE: July 15, 2009                         s/ Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH A. HIBBEN AND
DEBORAH A. HIBBEN,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:08-mc-052

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).