```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

KENNETH A. HIBBEN AND,           :
DEBORAH A. HIBBEN,               :    NO. 1:08-mc-052
                                 :
     Petitioners,                :
                                 :
          vs.                    :    **ORDER & OPINION**
                                 :
UNITED STATES OF AMERICA,        :
                                 :
     Respondent.                 :


This matter is before the Court on the Magistrate Judge's July 15, 2009, Report and Recommendation (doc. 3), to which there were no objections. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

**I. Background**

Taxpayers Kenneth A. Hibben and Deborah A. Hibben ("Petitioners"), filed a Petition to Quash an administrative summons issued by the Internal Revenue Service ("IRS") (doc. 1). The United States (the "Government") filed a motion to dismiss the Petition in response (doc 2).

On October 8, 2008, the IRS issued an administrative summons concerning Petitioners' taxable years 2000-2007 to Unifund CCR Partners ("Unifund") for information regarding Unifund's dealings with Petitioners (doc. 3). The summons had a return date of November 4, 2008 (Id.). The summons clearly indicates that the

IRS is conducting an investigation to determine Petitioners' federal income tax liabilities (Id.). Unifund was summoned to appear and produce the following information:

> 1) All statements of the above-named taxpayers in your possession, custody, or control which reflects transactions between the taxpayers and Unifund CCR for the calendar year beginning January 1, 2000 through the calendar year ending December 31, 2007.
>
> 2) All applications for credit completed and submitted by or for the above-named taxpayers [Kenneth A. Hibben and Deborah A. Hibben] to any Unifund CCR company or any of its predecessors for the calendar year beginning January 1, 2000 through the calendar year ending December 31, 2007.
>
> 3) Please provide a copy of all the documentation in your possession, custody or control reflecting the receipt of payments, including, but not limited to, copies of cancelled checks, made by the taxpayers to Unifund CCR Partners in regards to the judgment filed by Unifund CCR Partners on October 20, 2000 against the debtor Kenneth Hibben for $20, 742.
>
> 4) Please provide a copy of all the documentation in your possession, custody or control reflecting the assets, liabilities, income and expenses of the taxpayers for the calendar years beginning January 1, 2000 through the calendar year ending December 31, 2007.

(Id.). In their Petition to Quash, Petitioners argue (1) that Petitioners do not fall under the category of persons subject to IRS summons authority, (2) that IRS summons authority is overbroad and violates Petitioner's Fourth Amendment rights, and (3) that U.S.C. Title 26 is not the law, but a mere representation of certain of the "Statutes at Large" (doc. 1).

**II. Discussion**

In his Report and Recommendation, the Magistrate Judge

first discussed the procedure relevant to Petitioners' Petition to Quash and the Government's subsequent Motion to Dismiss the petition (doc. 3). As the Magistrate Judge stated, Petitioners' Motion was brought under 26 U.S.C. §7609(b), and the Government could have sought to enforce the summons in the same proceeding, or it could choose to move to dismiss the Petition for failure to state a claim (Id., citing 26 U.S.C. § 7609(b)(2)(A); Hogan v. United States, 873 F. Supp. 80, 82 (S.D. Ohio 1994)). Because Unifund has given no indication that it will not comply with the summons voluntarily, the Government moved to dismiss (Id.).

As the Magistrate Judge correctly noted, when the government moves to dismiss a petition to quash a third-party summons, such a motion mirrors a 12(b)(6) motion to dismiss for failure to state a claim (Id., citing Cosme v. Internal Revenue Serv., 708 F. Supp. 45, 48 (E.D.N.Y. 1989)). The effect of the motion to dismiss petition is burden-shifting: the government need not establish a prima facie case; instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons (Id.). See, e.g., Jungles v. United States, 634 F. Supp. 585, 586 (N.D. Ill. 1986); Knauss v. United States, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998); Nissei Sangyo Am., Ltd. V. United States, No. 93-C-6774, 1995 WL 263473, at *1 (N.D. Ill. 1995); Ramachandran v. United States Atty., No. 92-Civ-2721, 1992 WL 320672, at *3 (S.D.N.Y. 1992).

Having correctly determined that Petitioners have the burden of establishing a valid defense to the summons, the Magistrate Judge noted that such a defense requires the taxpayer to show that the government's issuance of the summons was an abuse of process (doc. 3, citing <u>2121 Arlington Heights Corp. v. I.R.S.</u>, 109 F.3d 1221, 1224 (7th Cir. 1997)). Petitioners may show such abuse of process in one of two ways. They may disprove one of the following: that the investigation underlying the summons has a legitimate purpose; that the information sought may be relevant to that purpose; that the information is not already in the IRS's hands; or that the IRS has followed the statutory steps for issuing a summons. <u>See</u> <u>2121 Arlington Heights Corp.</u>, 109 F.3d at 1224, citing <u>United States v. Powell</u>, 379 U.S. 48, 57-58(1964). Or, Petitioners may point to specific facts suggesting that the IRS issued the summons in bad faith. <u>Id</u>.

Petitioners argue that the Government has committed abuse of process because, in their view, Petitioners do not fall under the category of persons subject to IRS summons authority (doc. 1). The Magistrate Judge correctly determined that this argument fails pursuant to the IRS's summons authority given under 26 U.S.C. § 7602 (doc. 3). The IRS is authorized to make inquiries concerning any person for any internal revenue tax, <u>see</u> 26 U.S.C. § 7601, and the "Secretary is authorized ... [t]o summon ... any person having possession, custody, or care of books of account containing entries

4

relating to the business of the person liable for tax." (doc. 3, quoting 26 U.S.C. 7602(a)). The Magistrate Judge also noted that the IRS summons authority in this case is highlighted by the Petitioners' filing of federal income tax returns indicating $0.00 income for each of the contested years despite the IRS having received third-party reporting data stating otherwise (doc. 3).

Petitioners next argue that the IRS summons authority is overbroad and in violation of Petitioners' Fourth Amendment rights (doc. 1). The Court is unpersuaded. The Magistrate Judge rightfully stated that the IRS's statutory duty and powers of investigation are broadly stated in 26 U.S.C. § 7601, and the Supreme Court long ago determined that the IRS's authority to issue third party summons does not violate the Fourth Amendment rights of the person under investigation (doc. 3, citing <u>Donaldson v. United States</u>, 400 U.S. 517, 522 (1971)). Additionally, the IRS has the authority to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not" (<u>Id</u>., quoting <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964)). Further, the IRS may summon and "examine any books, papers, records, or other data which may be relevant or material" to a given tax inquiry. 26 U.S.C. § 7602. Here, as the Magistrate Judge noted, the IRS seeks material that is potentially relevant to a determination of Petitioners' tax liability for certain taxable years, and the summons is therefore appropriate.

Finally, the Court agrees with the Magistrate Judge that Petitioners' assertion that Title 26 "is not the law" but "a mere representation of certain of the Statutes at Large" (doc. 1), is misplaced and wholly without merit (doc 3). As the Magistrate Judge correctly observed, the Internal Revenue Code was enacted as a separate code and is positive law (Id., citing Tax Analysts v. IRS, 214 F.3d 179, 183 n.1 (D.C. Cir. 2000)).

**III. Conclusion**

In conclusion, having reviewed this matter de novo pursuant to 28 U.S.C. 636(b), the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 3). Accordingly, the petition to quash is dismissed and this case is closed.

SO ORDERED.

Dated: September 16, 2009     /s/ S. Arthur Spiegel

                                          S. Arthur Spiegel
                                          United States Senior District Judge